BERNARD D. SPECTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Spector v. Commissioner
Docket No. 2498-77.
United States Tax Court
T.C. Memo 1982-433; 1982 Tax Ct. Memo LEXIS 318; 44 T.C.M. (CCH) 631; T.C.M. (RIA) 82433; July 28, 1982. Bernard D. Spector, pro se. James R. Turton, for the respondent. TANNENWALD
SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Chief Judge: This case *319 is again before us on remand from the Fifith Circuit Court of Appeals. In our original opinion, Spector v. Commissioner,71 T.C. 1017 (1979), we held that, although a transaction was in form a merger of two partnerships followed by a withdrawal of the petitioner from the merged partnership, there was "strong proof" to justify disregarding the form and looking to the substance of the transaction. On that basis, we concluded that the transaction involved a sale of a partnership interest governed by section 741[1] and not a liquidation of a retiring partner's interest governed by section 736. Upon appeal, the Fifth Circuit Court of Appeals reversed on the ground that we had applied an improper standard, namely, that of "strong proof," and that, in a case such as this, the rule of Commissioner v. Danielson,378 F.2d 771, 775 (3d Cir. 1967), revg. and remanding 44 T.C. 549 (1965), applies, namely, that -- a party *320 can challenge the tax consequences of his agreement as construed by the Commissioner only by adducing proof which in an action between the parties to the agreement would be admissible to alter that construction or to show its unenforceability because of mistake, undue influence, fraud, duress, etc. See Spector v. Commissioner,641 F.2d 376, 382 (5th Cir. 1981). [2] As a consequence, the case was remanded "for a determination of whether taxpayer has adduced proof of mistake, fraud, undue influence or any other ground that, in an action between the parties to the agreement, would be sufficient to set it aside or alter its construction." See 641 F.2d at 386. Applying the foregoing standard, we have no choice [3] but to hold that the petitioner is bound by the form of the transaction and that the circumstances herein *321 do not provide any basis for invoking the exception embodied in the Danielson rule. We reach this conclusion on the basis of our findings of facts which clearly indicate that all parties to the agreements involved herein were fully aware of what was taking place and of the potential tax consequences thereof. See 71 T.C.. at 1020. [4]
As a further part of its remand, the Court of Appeals specified that if we find that petitioners have failed to adduce proof sufficient to invoke the exception to the Danielson rule, we "may then consider the alternative argument raised by taxpayer, but not ruled on below, i.e. *322 , that although the payments were in liquidation of taxpayer's partnership interest, they were payments with respect to goodwill pursuant to a provision for such payments." (Emphasis added.) See 641 F.2d at 386 and 71 T.C. at 1027. Here again we think we have no choice but to hold for respondent. To be sure, we indicated in our prior opinion that we thought the payments in question were made to petitioner for "his share of the goodwill of Spector, Wilson & Co." by the Bielstein partnership and that consequently section 741 and not section 736 applied. See 71 T.C. at 1025. But, in the present posture of this case, it is clear that the transactions are to be treated as a liquidation of petitioner's partnership interest in the merged partnership. Such being the case, section 736 provides that, with respect to goodwill, the treatment of payments in liquidation of a partnership interest shall not be treated as a distributive share of partnership income or a guaranteed payment under section 707 "to the extent that the partnership agreement provides for *323 a payment with respect to good will." In the instant case, none of the documents contain any indication whatsoever that any portion of the payments to petitioner were for goodwill. On the contrary, the withdrawal agreement specifically provides that "[f]urthermore, none of the guaranteed payments provided for in this agreement are for partnership property within the meaning of Section 736 IRC of 1954." See 71 T.C. at 1020. In view of the foregoing, we are satisfied that the exception provided by section 736(b)(2)(B) for the treatment of the payments herein as guaranteed payments in respect of payments for goodwill is inapplicable. Cf. Ledoux v. Commissioner,77 T.C. 293, 307-309 (1981), on appeal (11th Cir., Nov. 10, 1981). Petitioner's reliance, in his original brief, on Jacobs v. Commissioner,T.C. Memo. 1974-196, and Commissioner v. Jackson Investment Co.,346 F.2d 187 (9th Cir. 1965), revg. and remanding 41 T.C. 675 (1964), is misplaced. In both cases, the language of the agreement was ambiguous and there was room for interpretation as to whether the requirement of section *324 736(b)(2)(B) was satisfied. Here there is no ambiguity and no room for interpretation. We hold that the payments to petitioner involved herein are guaranteed payments taxable as ordinary income and not capital gain. In view of this holding, the fact that another issue was resolved against petitioner in our original opinion (see 71 T.C. at 1027-1028), and the fact that petitioner has conceded all the other items determined in the notice of deficiency, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect at the time pertinent herein.↩
2. The Court of Appeals left open the issue of whether it would apply the "strong proof" rather than the Danielson rule in cases involving allocations to a covenant not to compete. See 641 F.2d at 386. See also Ledoux v. Commissioner,77 T.C. 293, 308↩ n. 7 (1981), on appeal (11th Cir., Nov. 10, 1981).
3. We note that we still have not decided whether we will adopt the Danielson rule as a general proposition. See Ledoux v. Commissioner,77 T.C. 293, 308↩ (1981), on appeal (11th Cir. Nov. 10, 1981). 4. After the remand, the parties were given the opportunity to present further evidence but they declined to do so and agreed that the issues left open by the remand should be decided on the basis of the existing record. The parties were also given an opportunity to file supplemental briefs, but only respondent chose to do so.↩